**PARK WEST RADIOLOGY and Park West Circle Realty, LLC, Plaintiffs,**

v.

**CARECORE NATIONAL LLC; Care-Core Management Services, Inc.; New York Medical Imaging IPA, Inc.; NYMI IPA–O LLC; NYMI IPA–M LLC; Michael M. Abiri, M.D.; West Side Radiology ASC; Joel Canter, M.D.; Dra Imaging, P.C.; and Hudson Valley Radiology, P.C., Defendants.**

**No. 06 Civ. 13516 (VM).**

United States District Court, S.D. New York.

April 17, 2008.

Axel Alexandre Bernabe, Matthew L. Cantor, Jean Kim, Constantine Cannon PC, New York, NY, Tiffany Joseph–Daniels, Constantine Cannon, PC, Washington, DC, for Plaintiffs.

Andres Gonzalez, D. Patricia Wallace, Daniel J. Gilfarb, Steven M. Ziegler, Sr., Steven M. Ziegler, P.A., Hollywood, FL, Jordan Matthew Freundlich, Roy W. Breitenbach, Garfunkel, Wild & Travis, P.C., Great Neck, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I.  BACKGROUND

Plaintiffs Park West Radiology, P.C. and Park West Circle Realty, LLC (collectively, "Park West") brought this action alleging that CareCore National LLC and the various other named defendants (collectively "Defendants") engaged in a conspiracy and anti-competitive practices in violation of federal antitrust laws by denying Park West a certification for the new location of its radiology practice in another geographical area in the neighborhood where it was previously located.

By Order dated March 7, 2008, (the "Order"), Magistrate Judge Theodore H. Katz, to whom this matter had been referred for supervision of pretrial proceedings, denied Defendants' request to obtain discovery from certain third parties with which Defendants contend Park West has business relationships relevant to ruling as to Defendants' liability, damages and impeachment purposes in this action.  Magistrate Judge Katz found that Defendants' request was not sufficiently relevant for any of these purposes.  Defendants filed timely objections to the Order challenging its findings and conclusions.  For the reasons stated below, the Court adopts the Order in its entirety.

## II. *STANDARD OF REVIEW*

■ A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. *See* Fed.R.Civ.P. 72(a); *see also DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994).

## III. *DISCUSSION*

Having conducted a review of the full factual record in this litigation, including the pleadings, and the parties' respective papers submitted in connection with the underlying discovery request and the filings in this proceeding, as well as the Order and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for Magistrate Judge Katz's ruling in the Order are not clearly erroneous or contrary to law and are thus warranted.

■ The Court finds Defendants' discovery request excessively broad, and not reasonably calculated or sufficiently tailored to obtain evidence sufficiently relevant to the claims and issues in the action before the Court. Rather, the discovery demand strikes the Court as more like a fishing expedition by which Defendants hope to find documentation to support the numerous allegations of fraud and other unlawful or unethical practices in which they assert Park West was engaged in concert with the third parties in question. Defendants argue that Park West's unlawful actions would constitute a defense barring Park West standing to prosecute its antitrust claims. It is one thing for Defendants to level sweeping claims of illegal relationships and other wrongful conduct between Park West and third persons not now parties to this litigation. It is quite another thing for Defendants, without the participation of those third parties, to prove their charges before a jury in a manner sufficient to constitute the valid defense they seek to establish.[1] In advancing their theory, Defendants overlook that the third parties may have a compelling interest in challenging serious allegations of unlawful, and potentially criminal activity on their part. Moreover, unless such persons are formally named and brought within the Court's jurisdiction, this lawsuit is hardly the forum to resolve the accusations Defendants make against them. To provide the blanket scope of discovery Defendants demand would risk turning the trial of this case into a multi-ringed sideshow of mini-trials on collateral issues pertaining to the conduct and relationships of third parties that may have only tangential bearing, if at all, to the issues and claims disputed in this case.

---

1. In support of their theory Defendants cite *Bubis v. Blanton,* 885 F.2d 317 (6th Cir.1989); *Modesto Irrigation Dist. v. Pacific Gas & Elec. Co.,* 309 F.Supp.2d 1156 (N.D.Cal.2004); and *Pearl Music Co., Inc. v. Recording Indus. Ass'n of Am.,* 460 F.Supp. 1060 (C.D.Cal.1978). But none of these cases involved unproved charges of illegal conduct by third parties. Rather, the alleged unlawful acts that denied plaintiff standing to sue was either conceded, clearly established or evident under applicable law, thus obviating a need for extensive discovery to prove the claimed illegality. In sum, the matter did not implicate a substantial dispute by the plaintiff or third parties challenging the defendant's allegation of illegal acts.

Similarly, the alleged acts misconduct about which Defendants seek discovery relate not to established illegality that could provide sufficient grounds for impeachment purposes under the rules of evidence, but to broad allegations and speculation about third-party offenses Defendants assert and hope to find corroborative evidence. Nor is the Court persuaded that the discovery is justified by Defendants' arguments regarding damages. Insofar as Defendants assert that Magistrate Judge Katz did not address their contentions in this regard, the issue should be presented to Magistrate Judge Katz in the first instance, with their discovery request sufficiently focused to enable a determination of reasonable relevance to claims, issues and parties properly before the Court.

In this regard, the Court notes that Magistrate Judge Katz's Order does not foreclose all such discovery, but specifically leaves the door open to discovery requests pertaining to the parties' own corporate structures and financial relationships as they may touch on matters relevant to this action. Arguably, Magistrate Judge Katz's formulation may encompass discovery about third party business structures and relationships to the extent Park West has sufficiently put such matters at issue here, or Defendants can more persuasively demonstrate connection and relevance to the claims Park West has asserted in this litigation.

Accordingly, for substantially the reasons Magistrate Judge Katz set forth in the Order and the record of the Magistrate Judge's hearing on Defendants' discovery request, the Court adopts the Order in its entirety.

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the discovery Order of Magistrate Judge Theodore H. Katz dated March 7, 2008 (Docket No. 88) is adopted in its entirety, and the motion (Docket No. 90) of defendants is DENIED.

**SO ORDERED.**